UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAVIER HERRERA GUZMAN,

                                                 Plaintiff,

    -against-                                                           COMPLAINT

ABC MANAGEMENT CORP., JOHN DOE
CORPORATIONS 1-5, OTHER JOHN DOE                       ECF CASE
ENTITIES 1-5, and RALPH DAVIS and
JOHN AND JANE DOES 1-5, individually,

                                               Defendants.
------------------------------------------------------------------------X

Plaintiff Javier Herrera Guzman ("Herrera" or "Plaintiff"), by his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, against Defendants ABC Management Corp. ("ABC Management"), John Doe Corporations 1-5, other John Doe Entities 1-5 and Ralph Davis ("Davis") and John and Jane Does 1-5, individually (collectively herein "Defendants"), alleges the following:

**PRELIMINARY STATEMENT**

1. This is a civil action brought by Plaintiff to recover unpaid minimum wages and unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff worked as a handyman for Defendants at one of the residential buildings managed and/or owned by Defendants.

2. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates and failure to provide paystubs in violation of said laws.

3. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for Defendants' failure to pay minimum wages and overtime wages and for Defendants' failure to provide proper wage notices and statements, in addition to liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

5. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Javier Herrera Guzman**

7. Plaintiff is and was at all times relevant hereto an individual residing in New York, New York.

8. Plaintiff was at all times relevant hereto employed by Defendants in New York, New York.

9. Plaintiff was employed by Defendants as a handyman at 238 W. 106th St., New York, NY 10025.

10. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

11. Defendant ABC Management Corp. is a full-service real estate management firm.

12. Defendant ABC Management Corp. is a Domestic Business Corporation located at 152 W. 57th Street, 12th Floor, New York, NY 10019.

13. Upon information and belief, ABC Management Corp. has been in business since at least 1990.

14. Upon information and belief, Defendants John Doe Corporations 1-5 are corporations, the names and addresses of residences of which are unknown.

15. Upon information and belief, Defendants Other John Doe Entities 1-5 are other legal entities, the names and addresses of residences of which are unknown.

16. Upon information and belief, John and Jane Does 1-5 are individuals whose names and addresses of residences are unknown.

17. Upon information and belief, John and Jane Does 1-5 have owned, maintained control, oversight and the direction of ABC Management Corp.

18. Defendant Ralph Davis is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of ABC Management Corp. Along with the other Defendants, Davis exercised sufficient control over ABC Management Corp. to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices.

19. Defendants John and Jane Does 1-5 are persons engaged in business in New York County, who are sued individually in their capacities as an owners, officers and/or agents of ABC Management, Corp. Along with the other Defendants, Defendants John and Jane Does 1-

5 exercised sufficient control over ABC Management Corp. to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendants had the authority to hire and fire employees and established and maintained policies regarding pay practices.

20. Defendants jointly employed Plaintiff at all times relevant.

21. Ralph Davis and John and Jane Does 1-5 (collectively the "Individual Defendants") had substantial control over Plaintiff and his working conditions and the practices alleged herein.

22. At all times relevant to this action, Defendant ABC Management Corp. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

23. Defendant ABC Management Corp. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

24. At all times relevant to this action, Defendants John Doe Corporations 1-5 were "enterprise[s] engaged in interstate commerce" within the meaning of the FLSA.

25. Defendants John Doe Corporations 1-5 have (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

26. At all times relevant to this action, Defendants other John Doe Entities 1-5 were "enterprise[s] engaged in interstate commerce" within the meaning of the FLSA.

27. Defendants other John Doe Entities 1-5 were (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## FACTS

**ABC Management Corp.**

28. ABC Management Corp. is a real estate management firm located at 152 W. 57th Street, 12th Floor, New York, NY 10019.

29. Upon information and belief, ABC Management Corp. primarily manages residential buildings.

30. Upon information and belief, ABC Management Corp. owns and/or manages over 100 properties throughout New York City, including buildings in Manhattan, the Bronx, Brooklyn and Queens.

31. Upon information and belief, ABC Management Corp. is owned and controlled by John and Jane Does 1-5, John Doe Corporations 1-5 and/or other John Doe Entities 1-5.

32. Upon information and belief, Ralph Davis is a Managing Agent at ABC Management Corp.

33. Upon information and belief, ABC Management Corp. owns the residential building at 238 W. 106th St., New York, NY 10025.

34. Upon information and belief, Ralph Davis is the manager of the residential building at 238 W. 106th St., New York, NY 10025.

**Plaintiff Herrera's Employment with ABC Management Corp.**

35. From approximately 2013 through May 2020, Plaintiff was employed as a handyman by Defendants at 238 W. 106th St., New York, NY 10025 (the "Building").

36. Plaintiff directly reported to Juan Pereira ("Pereira"), the superintendent for the Building.

37. Defendants required Pereira to pay Plaintiff for his services on behalf of the Building.

38. As a handyman, Plaintiff's main job duties included cleaning and maintenance of the building at 238 W. 106th St., New York, NY 10025.

39. Plaintiff worked Monday-Saturday from 8am-4pm, as well as 2 hours each Sunday.

40. Plaintiff received a 30-minute lunch break Monday-Saturday.

41. With this schedule, Plaintiff worked 47 hours per week.

42. Plaintiff never took a vacation in the course of his employment with Defendants.

**Plaintiff's Pay at Defendants.**

43. Defendants directed Pereira to directly pay Plaintiff.

44. Defendants directed Pereira to pay Plaintiff in currency (cash).

45. From the beginning of Plaintiff's employment with Defendants through April 2020, Defendants paid Plaintiff $500 per week.

46. When Plaintiff was paid, Defendants did not provide Plaintiff with a notation or any other documentation of his hours worked during that pay period or his rate of pay.

47. Defendants never provided Plaintiff with a notation or any other documentation of the hours he worked.

**Juan Peiera Death's Leads to Plaintiff's Termination**

48. In May 2020, Periera died.

49. As a result, Defendants informed Plaintiff that his services were no longer needed unless he could provide Defendants with the necessary paper work.

50. Specifically, on May 24, 2020, Davis wrote Plaintiff the following text message:

    Hi again, Javier. Hope you are well. I want to thank you again for your service to the building as Juan's hired helper. As we spoke about a few times and Jason mentioned as

recently as Wednesday, your temporary service to the building since Juan has passed is no longer required at this time.  I understand from Nelly that you are investigating obtaining proper documentation, and once you do that, we may have another conversation…"

51. For the first two weeks of May, Defendants directly paid Plaintiff.

52. Specifically, Defendants paid Plaintiff $720 for two weeks work in an envelope marked ABC Corp.

53. For the last two weeks of May 2020, Plaintiff worked on behalf of Defendants but Defendants did not pay Plaintiff.

**Defendants' Violations of the Wage Theft Prevention Act**

54. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

55. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

56. Plaintiff was never given a notice in English and his native language containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
### New York Labor Law—Failure to Pay Minimum Wage

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

59. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

60. At all times relevant, Plaintiff was covered by the NYLL.

61. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

62. Defendants failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

63. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

64. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*

65. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. During the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek.

67. At all relevant times throughout Plaintiff's employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

68. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

69. Defendants' decision not to pay overtime was willful.

70. Plaintiff and the FLSA Collective seek damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law

71. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants failed to pay Plaintiff the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

73. Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for all work in excess of forty hours per workweek.

74. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

75. Defendants' decision not to pay overtime was willful.

76. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

79. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

80. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the FLSA Collective are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Wage Statements**

81. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

83. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

84. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## SIXTH CAUSE OF ACTION
### (Failure to Pay Earned Wages in Violation of New York Labor Law)

85. Plaintiff, realleges and incorporates by reference all allegations in all preceding paragraphs.

86. At all relevant times, Plaintiff was an "employee" within the meaning of the New York labor Law.  Similarly, at all relevant times, Defendants, including the individually named Defendants, were "employers" within the meaning of the New York Labor Law.

87. Defendants failed to pay Plaintiff his earned wages for the periods of time and in the manner as set forth above.

88. Defendants' failure to pay Plaintiff his earned wages was willful and not based on any good faith belief of compliance with New York Labor Law § 663, et seq.

89. As a result of the foregoing, Plaintiff has been denied wages required under New York Labor Law §663 et seq., and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, ABC Management Corp., John Doe Corporations 1-5, Other John Doe Entities 1-5, John and Jane Does 1-5 and Ralph Davis, jointly and severally, as follows:

(a) Damages for unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(b) Damages for unpaid minimum wages and overtime wages due to Plaintiff in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(c) Statutory penalties of fifty dollars for each workday that Defendants have failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(d) Damages under § 663;

(e) Statutory penalties of two hundred fifty dollars for each workday that Defendants have failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

(f) For prejudgment and post judgment interest on the foregoing amounts;

(g) For costs and disbursements of the action, including attorneys' fees; and

(h) For such other further and different relief as the Court deems just and proper.

Dated: July 29, 2020
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By: */s/ Jacob Aronauer*
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007

*Attorney for Plaintiff*